UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: EDCV 10-1012-DSF (MAN)                                        Date: July 20, 2010

Title:   Latham Orthopedics Medical Group and Jerome-Robert: Mueller, et al. v. United States of America-Corporation, et al.
=========================================================================
DOCKET ENTRY:   ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE STRICKEN AS TO PLAINTIFF LATHAM ORTHOPEDICS MEDICAL GROUP AND DISMISSED AS DUPLICATIVE
=========================================================================
PRESENT:

          Hon. Margaret A. Nagle, United States Magistrate Judge

          Earlene Carson          N/A
          Deputy Clerk           Court Reporter/Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

   N/A                                     N/A

**PROCEEDINGS (In Chambers):**

On June 25, 2010, a complaint was filed in Case No. EDCV 10-950-DSF (MAN) (the "10-950 Complaint"). The 10-950 Complaint listed two plaintiffs proceeding *pro se*: "Latham Orthopedics Medical Group (As A Person To Be Named)" ("Latham"); and "Jerome-Robert: Mueller" ("Mueller").

On July 1, 2010, the Court issued an Order to Show Case in the 10-950 Action (the "10-950 OSC"). The 10-950 OSC stated:

> In violation of Local Rule 11-3.8, the Complaint fails to provide an address, telephone number, and e-mail address for either plaintiff on the title page; *see also* Fed. R. Civ. P. 11(a) (setting forth requirement that a pleading include a party's address, e-mail address, and telephone number). On the Complaint's signature page, Mueller has signed the pleading and listed an address, but no telephone number or e-mail address. There is no signature on behalf of Latham or address or other contact information listed for Latham anywhere in the Complaint.
>
> In addition, Local Rule 83-2.10.1 provides that: "A corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding pro se." Here, Latham purports to be represented by Mueller, a *pro se* litigant, in violation of this Local Rule and governing precedent. Non-lawyers may not represent other persons in court. *See, e.g.,* Collinsgru v. Palmyra Bd. of Educ.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 10-1012-DSF (MAN)                                         Date: July 20, 2010

161 F.3d 225, 232 (3d Cir. 1998); Local Rule 83-2.10.1 (a *pro se* litigant may not delegate his representation to any other person).  As a lay person, Mueller may not pursue relief on behalf of Latham.  *See* C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in *pro per* may not appear or seek relief on behalf of others); McShane v. United States, 366 F.3d 286, 288 (9th Cir. 1966) (same).

Moreover, in violation of Rule 11(a) of the Federal Rules of Civil Procedure and Local Rule 11-1, the Complaint has not been signed on Latham's behalf by a qualified representative, namely, an attorney representing Latham.  Rule 11(a) further provides that the Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."

Accordingly, IT IS ORDERED that, **by no later than July 15, 2010**, plaintiff Latham shall SHOW CAUSE why the Complaint should not be stricken as to it, based on its lack of proper representation in this action and failure to sign the Complaint.  If Latham wishes to remain a party to this action, then by the above-noted deadline, an appropriate representative must appear on its behalf and must file a signature to the Complaint in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.  If Latham does not wish to remain a plaintiff and/or has been listed as a plaintiff by mistake, then by the above-noted deadline, plaintiffs shall file a brief statement clearly stating that Latham is not a plaintiff in this action and the Complaint is amended, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to remove Latham as a plaintiff.

> **Plaintiffs are cautioned that a failure to comply with this Order will result in a recommendation that Latham be stricken from the Complaint, pursuant to Rule 11(a) of the Federal Rules of Civil Procedure and Local Rules 83-2.10.3 and 83-2.10.4.**

No response was filed to the 10-950 OSC.  Instead, the Court has received a new complaint filed on July 9, 2010, in this action, purportedly by the same two plaintiffs -- Latham and Mueller (the "Complaint").  The Complaint names the same five defendants named in the 10-950 Complaint.  With a few nominal variations, the text of the Complaint is identical to that of the 10-950 Complaint.  While the text of both the Complaint and the 10-950 Complaint is incomprehensible, based on the defendants named in, and exhibits attached to, each pleading, it appears that, in both actions, plaintiffs are somehow complaining about and/or challenging the same federal tax assessment and levy.

In addition, as is the case with the 10-950 Complaint, the instant Complaint violates Local Rule 11-3.8, because it fails to provide an address, telephone number, and e-mail address for either plaintiff on the title page; *see also* Fed. R. Civ. P. 11(a) (setting forth requirement that a pleading include a party's address, e-mail address, and telephone number).  As he did in the 10-950 Complaint, Mueller has signed the Complaint on his own behalf and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 10-1012-DSF (MAN)                                          Date: July 20, 2010

listed his address (albeit without the required telephone number or e-mail address), but there is no signature on behalf of Latham or address or other contact information listed for Latham anywhere in the Complaint.  The instant Complaint, thus, is defective for the same reasons identified in the 10-950 OSC and quoted above.

Moreover, the instant Complaint is duplicative of the 10-950 Action.  A federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936).  Plaintiffs' initiation of this second, wholly duplicative lawsuit, while their prior lawsuit remains pending, is wholly antithetical to principles of judicial economy.  By filing two separate yet identical actions, plaintiffs have caused, and will cause, an unnecessary duplication of effort by the Court and its personnel and a waste of scarce judicial resources.  There is no legitimate reason for plaintiffs to raise their claims, and to require the Court and the defendants to address them, twice in separate cases.

In the federal court system, "the general principle is to avoid duplicative litigation."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Adams v. California Dep't of Health Service, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted).  District courts have inherent powers to "fashion an appropriate sanction for conduct which abuses the judicial process," and in certain cases, dismissal of a lawsuit is an appropriate sanction.  Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2132-33 (1991); *see also* Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district courts "have the inherent power to control their dockets" and may dismiss a case in the exercise of that power).  A district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action.  Adams, 487 F.3d at 688; *see also* Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir.2000) ("[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").  "Of course, simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *Id.* at 138-39.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions.  Link v. Wabash R. Co., 370 U.S. 626, 629-32, 82 S. Ct. 1386, 1388-89 (1961); Ferdik, 963 F.2d at 1260.  In determining whether dismissal is proper, a court must weigh several factors, including:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Id.* at 1260-61.

In this case, plaintiffs' filing of duplicative actions implicates, and negatively affects, both the interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently.  In addition, the public policy favoring disposition of cases on the merits is not furthered by allowing the instant Complaint to proceed,

MINUTES FORM 11                                                                                    Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES--GENERAL</u>

Case No.  EDCV 10-1012-DSF (MAN)                                                   Date: July 20, 2010

because the claims alleged in the Complaint (whatever they may be) are pending, and thus will be considered, in the 10-350 action.  Plainly, the pending 10-350 action provides an existing forum for raising and having the claims considered.  The risk of prejudice to defendants also does not merit retention of this case.  There is no possible risk of prejudice to defendants if this duplicative case is dismissed; indeed, the dismissal of this action will obviate the need for defendants to respond to two separate lawsuits, and defendants thereby will avoid unnecessary costs and efforts.  A balancing of these factors leads to the conclusion that dismissal without prejudice is warranted, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See* <u>Ferdik</u>, 963 F.2d at 1263 (dismissal appropriate where supported by three factors); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1425 (9th Cir. 1986)(same).

Accordingly, plaintiffs are ORDERED TO SHOW CAUSE why this duplicative action should not be dismissed.  **By no later than August 17, 2010**, plaintiffs -- if they contest the dismissal of this action -- shall file a response to this Order, in which they must explain, in a comprehensible manner, why they should be allowed to pursue simultaneously duplicative lawsuits in this Court.  If plaintiffs do not object to the dismissal of this lawsuit, they should promptly file a Rule 41(a) Notice of Dismissal as soon as possible.

In addition, if plaintiffs do object to the dismissal of this action, then in their response, plaintiff Latham additionally shall SHOW CAUSE why the Complaint should not be stricken as to it, based on its lack of proper representation in this action and failure to sign the Complaint.  If Latham wishes to remain a party to this action, then by the above-noted deadline, an appropriate representative must appear on its behalf and must file a signature to the Complaint in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.  If Latham does not wish to remain a plaintiff and/or has been listed as a plaintiff by mistake, then by the above-noted deadline, plaintiffs shall file a brief statement clearly stating that Latham is not a plaintiff in this action and the Complaint is amended, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to remove Latham as a plaintiff.

> **Plaintiffs are cautioned that a failure to comply with this Order by the August 17, 2010 deadline will be deemed to constitute a consent to the dismissal of Latham as a plaintiff and to the dismissal of this action, and will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.