UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHAM ORTHOPEDICS MEDICAL GROUP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA-CORPORATION, et al., <br><br> Defendants. | ) NO. EDCV 10-1012-DSF (MAN) <br> ) <br> ) <br> ) <br> ) <br> ) ORDER DISMISSING CASE AS <br> ) DUPLICATIVE <br> ) <br> ) <br> ) <br> ) |

The Complaint in this action was filed on July 9, 2010. The Complaint lists two plaintiffs proceeding *pro se*: "Latham Orthopedics Medical Group (As A Person To Be Named)" ("Latham"); and Jerome-Robert: Mueller ("Mueller"). In violation of Local Rule 11-3.8, the Complaint fails to provide an address, telephone number, and e-mail address for either plaintiff on the title page. Mueller has signed the Complaint on his own behalf and, on the signature page, lists an address. However, in violation of Rule 11(a) of the Federal Rules of Civil Procedure, Mueller has not provided a telephone number or e-mail address, and there is no signature, address, or other contact information for Latham anywhere in the Complaint.

Latham apparently purports to be represented by Mueller, a *pro se* litigant who is not a lawyer. Local Rule 83-2.10.1 provides that: "A corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding pro se." Non-lawyers may not represent other persons in court. *See, e.g.,* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998); Local Rule 83-2.10.1 (a *pro se* litigant may not delegate his representation to any other person). Thus, Mueller may not pursue relief on behalf of Latham, and Latham has not properly appeared as a plaintiff in this action. *See* C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)(a layperson acting in *pro per* may not appear or seek relief on behalf of others); McShane v. United States, 366 F.3d 286, 288 (9th Cir. 1966)(same). Moreover, in violation of Rule 11(a) of the Federal Rules of Civil Procedure and Local Rule 11-1, the Complaint has not been signed on Latham's behalf by a qualified representative, namely, an attorney representing Latham. Rule 11(a) provides that the Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."

In an earlier-filed case -- Case No. EDCV 10-950-DSF (MAN) (the "950 Action") -- plaintiffs filed a complaint that is essentially identical to the instant Complaint. The 950 Action named the same two plaintiffs (Mueller and Latham) and the same five defendants as in the instant Complaint. With a few nominal variations, the text of the 950 Action complaint is identical to that of the present Complaint. While the text of both the 950 Action complaint and the instant Complaint is

garbled and unintelligible, based on the defendants named in, and exhibits attached to, each pleading, it appears that, in both actions, plaintiffs are somehow complaining about and/or challenging the same federal tax assessment and levy.  On July 1, 2010, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause in the 950 Action regarding the defects in Latham's purported appearance as a plaintiff.  Plaintiffs failed to respond to the Order To Show Cause, and on July 22, 2010, this Court dismissed Latham from the 950 Action.  The 950 Action, however, remains pending.

This Complaint was filed while the Order To Show Cause in the 950 Action was outstanding.  On July 20, 2010, Magistrate Judge Nagle issued an Order To Show Cause in this case ("the OSC"), which advised plaintiffs of the above-described problems with the Complaint.  In addition, the OSC advised plaintiffs that the Complaint is duplicative of the 950 Action complaint and explained in detail why the instant Complaint is subject to dismissal as duplicative.  The OSC directed that:

> **By no later than August 17, 2010,** plaintiffs -- if they contest the dismissal of this action -- shall file a response to this Order, in which they must explain, in a comprehensible manner, why they should be allowed to pursue simultaneously duplicative lawsuits in this Court.  If plaintiffs do not object to the dismissal of this lawsuit, they should promptly file a Rule 41(a) Notice of Dismissal as soon as possible.
>
>             . . . .

3

> **Plaintiffs are cautioned that a failure to comply with this Order by the August 17, 2010 deadline will be deemed to constitute a consent to the dismissal of Latham as a plaintiff and to the dismissal of this action, and will result in a recommendation that this action be dismissed**.

(OSC at 4; emphasis in original.)

The deadline for responding to the OSC has passed, and plaintiffs have neither responded to the OSC nor requested an extension of time to do so.  In fact, since filing the Complaint on July 9, 2010, plaintiffs have not taken any action in this case.

**DISCUSSION**

A federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936).  District courts have inherent powers to "fashion an appropriate sanction for conduct which abuses the judicial process," and in certain cases, dismissal of a lawsuit is an appropriate sanction. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2132-33 (1991); *see also* Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(district courts "have the inherent power to control their dockets" and may dismiss a case in the exercise of that power).

In the federal court system, "the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v.

United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Service, 487 F.3d 684, 688 (9th Cir. 2007)(citations omitted).  A district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action. *Id.; see also* Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000)("[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit"). "Of course, simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138-39.

Plaintiffs' initiation of this second, wholly duplicative lawsuit, while their first-filed 950 Action lawsuit remains pending, is wholly antithetical to principles of judicial economy.  By filing two separate yet identical actions, plaintiffs have caused, and will cause, an unnecessary duplication of effort by the Court and its personnel and a waste of scarce judicial resources.  There is no legitimate reason for plaintiffs to raise their claims, and to require the Court and the defendants to address them, twice in separate cases.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions. Link v. Wabash R. Co., 370 U.S. 626, 629-32, 82 S. Ct. 1386, 1388-89 (1961); Ferdik, 963 F.2d at 1260.  In determining whether dismissal is proper,

a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 1260-61.

In this case, plaintiffs' filing of duplicative actions implicates, and negatively affects, both the interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently. In addition, the public policy favoring disposition of cases on the merits is not furthered by allowing the instant Complaint to proceed, because the claims alleged in the Complaint (whatever they may be) are pending, and thus will be considered, in the 950 Action. Plainly, the 950 Action provides an existing forum for raising and having the claims considered. The risk of prejudice to defendants also does not merit retention of this case. There is no possible risk of prejudice to defendants if this duplicative case is dismissed; indeed, the dismissal of this action will obviate the need for defendants to respond to two separate lawsuits, and defendants thereby will avoid unnecessary costs and efforts. Finally, the fifth factor does not favor allowing this case to proceed. Plaintiffs were expressly cautioned that, if they failed to respond to the OSC, their failure to respond would be deemed to constitute a consent to the dismissal of this action on the ground that it is duplicative, and yet, they have failed to respond or take any other action in this case. A balancing of these factors leads to the conclusion that dismissal without prejudice is warranted, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* <u>Ferdik</u>, 963 F.2d at 1263 (dismissal appropriate where supported by three factors);

1  Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986)(same).
2
3      Accordingly, IT IS ORDERED that the Complaint is dismissed as
4  duplicative.  Pursuant to Rule 41(b) of the Federal Rules of Civil
5  Procedure, Judgment shall be entered dismissing this action without
6  prejudice.
7
8      IT IS SO ORDERED.
9          11/2/10
10 DATED: _____.
11
12                                         DALE S. FISCHER
                                           UNITED STATES DISTRICT JUDGE
13
14 PRESENTED BY:
15
16 _____
      MARGARET A. NAGLE
17 UNITED STATES MAGISTRATE JUDGE